UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEBORAH O. L.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

**DECISION AND ORDER**

1:19-CV-00860 EAW

## INTRODUCTION

Represented by counsel, Plaintiff Deborah O. L. ("Plaintiff") brings this action pursuant to Title XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her application for supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 15; Dkt. 18), and Plaintiff's reply (Dkt. 19). For the reasons discussed below, the Commissioner's motion (Dkt. 18) is denied, and Plaintiff's motion (Dkt. 15) is granted to the extent that the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

**BACKGROUND**

Plaintiff protectively filed her application for SSI on March 10, 2016. (Dkt. 6 at 92, 148).[1] In her application, Plaintiff alleged disability beginning May 22, 2014. (*Id.* at 92, 264). Plaintiff's application was initially denied on July 26, 2016. (*Id.* at 151). At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Maria Herrero-Jaarsma on July 12, 2018, in Buffalo, New York. (*Id.* at 111-38). On August 14, 2018, the ALJ issued an unfavorable decision. (*Id.* at 86-110). Plaintiff requested Appeals Council review; her request was denied on April 24, 2019, making the ALJ's determination the Commissioner's final decision. (*Id.* at 6-14). This action followed.

**LEGAL STANDARD**

**I.  District Court Review**

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009)

---

[1]  When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

(quotation omitted).  It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).  However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II. <u>Disability Determination</u>

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act.  *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986).  At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. § 416.920(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities.  *Id.* § 416.920(c).  If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled."  If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings").  *Id.* § 416.920(d).  If the impairment meets or medically

equals the criteria of a Listing and meets the durational requirement (*id*. § 416.909), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. § 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id*. § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted).

## DISCUSSION

### I.     The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. § 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since March 10, 2016, the application date. (Dkt. 6 at 94).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of: left shoulder impingement syndrome; status post-gallbladder removal; hernia status post-surgical repair; major depressive disorder; post-traumatic stress disorder ("PTSD"); and

generalized anxiety disorder. (*Id.*). The ALJ further found that Plaintiff's medically determinable impairment of asthma was non-severe. (*Id.* at 95). The ALJ noted that at the hearing, Plaintiff's non-attorney representative had stated that Plaintiff reported suffering from migraine headaches, but the ALJ stated that the non-attorney representative had "conceded that the record does not support this impairment." (*Id.*).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.* at 96). The ALJ particularly considered the criteria of Listings 1.02(B), 1.04, 5.08, 12.04 and 12.06 in reaching her conclusion. (*Id.* at 96-97).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. § 416.967(b), except with the following additional limitations:

> [Plaintiff can] stand or walk for four hours, and sit for six hours per eight-hour workday; lift, carry, push, or pull up to 15 pounds occasionally and up to 10 pounds frequently; alternate between sitting and standing once every hour for five minutes without increasing time off task; occasionally climb ramps and stairs; occasionally balance on level surfaces; occasional[ly] stoop (i.e. bending at the waist) and kneel, but never crouch (i.e. bending at the knees) or crawl; constantly right-hand dominant [sic]; frequently reach (including overhead, in front and/or laterally) with the left upper extremity; frequently handle (including gross manipulation), finger (including fine manipulation), and feel with the left hand; never perform repetitive or prolonged forceful gripping or grasping activities for the left hand; never be exposed to unprotected heights, moving machinery, or moving mechanical parts; avoid exposure to extreme cold and to extreme heat; never perform a job requiring driving motor vehicles or other machinery; the ability to speak and understand English is limited; able to understand, carry out, and remember simple directions and instructions, and make simple work related decisions; work in a low stress environment (meaning one with no supervisory responsibilities and no independent decision-making required except with respect to simple, routine decisions, and with few, if any, work place changes in work routines, processes or settings); occasionally interact[]

with co-workers and supervisors, but incidental interaction with the general public (i.e. meaning not more than a total of 1/6 of a routine workday dedicated to such interaction as is integral to the work process; however visible or audible contact at all other times is permissible; that is, [Plaintiff] may be able to see or hear members of the general public, no meaningful interaction is required); and, never perform tandem job tasks requiring cooperation with co-workers.

(*Id.* at 98). At step four, the ALJ found that Plaintiff had no past relevant work. (*Id.* at 104).

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of press operator, folder, and classifier. (*Id.* at 104-05). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. (*Id.* at 105).

## II. Remand of this Matter for Further Proceedings is Necessary

Plaintiff asks the Court to either reverse or remand this matter to the Commissioner for further administrative proceedings, arguing that (1) the ALJ failed to properly develop the record as to Plaintiff's impairment of migraine headaches and (2) the ALJ's RFC finding was based on lay opinion. For the reasons set forth below, the Court agrees that the ALJ failed to properly develop the record as to Plaintiff's migraine headaches and that this error necessitates remand for further administrative proceedings.

### A. Failure to Develop the Record

An ALJ has an affirmative duty to develop the record. "Although the claimant has the general burden of proving that he or she has a disability within the meaning of the Act,

because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." *Ubiles v. Astrue*, No. 11-CV-6340T(MAT), 2012 WL 2572772, at *7 (W.D.N.Y. July 2, 2012) (internal quotations omitted). "This duty exists even when the claimant is represented by counsel or . . . by a paralegal." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996).

In this case, the ALJ was informed at the hearing that Plaintiff reported suffering from migraine headaches and that she had recently begun receiving treatment at the Dent Neurological Institute ("Dent"). (Dkt. 6 at 116-17 ("She also suffers from migraines. . . . She just started treatment at [Dent], so those records are not in the file.")). However, the ALJ asked no follow-up questions as to this report, nor did she apparently make any effort to obtain Plaintiff's records from Dent. Then, in her written decision, the ALJ misstated what had been said at the hearing, implying that Plaintiff's non-attorney representative had somehow "conceded" that Plaintiff's migraines were not a medically determinable impairment, when in fact the non-attorney representative had stated only that the records from Dent were not in the record. (Dkt. 6 at 95). This was error and requires remand. *See, e.g., Martinez v. Comm'r of Soc. Sec.*, No. 16-CV-2298(PGG)(BCM), 2017 WL 9802837, at *16 (S.D.N.Y. Sept. 19, 2017) ("Because the ALJ failed to satisfy his affirmative duty to develop the record, the appropriate disposition in this case is a remand to the Commissioner for further proceedings." (citation omitted)), *adopted*, 2018 WL 1474405 (S.D.N.Y. Mar. 26, 2018).

Further, contrary to Defendant's arguments, this error was not harmless. First, Defendant argues that any error by the ALJ was harmless because when Plaintiff was

diagnosed with migraines in March 2018, the diagnosis was made by a nurse practitioner, and a medically determinable impairment must be diagnosed by an acceptable medical source. (Dkt. 18-1 at 6). Far from demonstrating harmlessness, this argument emphasizes the necessity of further development of the record. There was no way for the ALJ to know, nor is there any way for the Court to determine, whether the records from Dent contain a diagnosis of migraines from an acceptable medical source. While nurse practitioners are not acceptable medical sources under the regulations applicable to Plaintiff's claim, they are experienced medical professionals, and it may well be the case that when Plaintiff was seen at Dent, the nurse practitioner's diagnosis of migraines was confirmed by a physician. Accordingly, additional inquiry was and is required.

Second, Defendant argues that the error was harmless because "[i]n order for an impairment to be disabling, it must meet the duration requirement—lasting for a continuous period of at least 12 months," and here the evidence currently in the record suggests that Plaintiff's migraines began in 2018. (*Id*. at 9-10). This argument also misses the mark. Again, the record before the Court is concededly incomplete, making it impossible to ascertain with any accuracy when Plaintiff began to suffer from migraines. Further, Defendant is simply incorrect that a disabling impairment must have lasted for 12 months before the ALJ issued her decision—the actual standard is that the impairment "must have lasted <u>or must be expected to last</u> for a continuous period of at least 12 months." 20 C.F.R. § 416.909 (emphasis added). Because the ALJ failed to develop the record, neither Defendant nor the Court has any insight into how long Plaintiff's treatment providers expected her migraines to persist, and the Court cannot, as Defendant suggests, determine

as a matter of law that the duration requirement was not met. Remand for additional proceedings is required.

### B. Plaintiff's Remaining Argument

As set forth above, Plaintiff has also argued that the ALJ based her RFC assessment on lay opinion. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach this issue. *See, e.g., Samantha D. v. Comm'r of Soc. Sec.*, No. 3:18-CV-1280 (ATB), 2020 WL 1163890, at *10 (N.D.N.Y. Mar. 11, 2020) (declining to reach arguments concerning whether ALJ's findings were supported by substantial evidence where the court had already determined that remand was necessary); *Raymond v. Comm'r of Soc. Sec.*, 357 F. Supp. 3d 232, 240-41 (W.D.N.Y. 2019) (same).

### CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Dkt. 18) is denied, and Plaintiff's motion for judgment on the pleadings (Dkt. 15) is granted to the extent that the matter is remanded for further administrative proceedings consistent with this Decision and Order. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: February 22, 2021
Rochester, New York